IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, BY<br>HIS NEXT FRIEND, BARBARA ROE | )<br>) | |
| Plaintiff, | )<br>) | |
| v. | ) | Case No. 10 cv 2116 |
| | ) | |
| TOYS R US and ALFREDO ARIZMENDI. | ) | Jury Trial Requested |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

### I. INTRODUCTION

1. This is an action for employment discrimination brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 *et seq,* and for various state law claims in connection with plaintiff's employment with defendant. Plaintiff claims that he was harassed because of his disability (significant developmental delay) and subsequently terminated in retaliation for having made complaints about the harassment. Plaintiff brings further claims against defendants for assault, battery, for negligent supervision and breach of duty to protect plaintiff.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is appropriate in this judicial district pursuant to 28 U.S.C §1391(b) because the defendants reside in this district and the events giving rise to the claim arose in this district.

**III.	EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4.	Plaintiff filed his discrimination charge with the EEOC on March 16, 2009 and received his right to sue letter dated March 26, 2010. (See Exhibit A attached to the complaint.)

**IV.	FACTUAL ALLEGATIONS**

5.	Plaintiff is a 35 year old male citizen of the United States who currently resides in Libertyville, Illinois. Plaintiff was initially hired by defendant, Toys R Us, Inc., in 2002 to work in its Babies R Us Vernon Hills location in the packing department. Plaintiff is disabled within the meaning of the Americans with Disabilities Act in that he has a significant developmental delay caused by bacterial meningitis incurred when he was an infant. As a result of his disability, plaintiff is unable to manage his own affairs and is unable to understand and act upon his legal rights. Due to the extremely personal and humiliating nature of the allegations, plaintiff is using the pseudonym, John Doe and his mother and next friend, Barbara Roe.

6.	Defendant is a Delaware Corporation whose headquarters are in New Jersey. Toys R Us, Inc. operates over 260 Babies R Us stores nationwide, offering a selection of products for newborns and infants.

7.	Defendant Alfredo Arizmendi was at all relevant time periods a co-employee of plaintiff's at defendant's Babies R Us store in Vernon Hills.

8.	Plaintiff was hired by Toys R Us, Inc. through a vocational agency, NorthPointe Resources, a not for profit organization located in Zion, Illinois that provides supportive services for individuals with disabilities including assistance with job training and placement. As part of its program, NorthPointe provided job coaching and training for plaintiff during the first 90 days of his employment at Babies R Us.

9. At the time of plaintiff's initial hiring, defendants were aware that he was an individual with special needs and were specifically aware of the nature of his disability.

10. For the first five and a half years of plaintiff's employment his job performance met or exceeded Babies R Us' legitimate expectations.

11. In the spring of 2007, Cesar Sanchez, an assistant manager for defendant, was plaintiff's supervisor in the packing area.

12. In mid April, 2007, defendant, Alfredo Arizmendi asked plaintiff to come stand in front of him, pushed plaintiff up against the wall, pinned him there and "humped" him, pressing his genitals against plaintiff's buttocks. This was witnessed by Cesar Sanchez. Sanchez took no action to reprimand defendant Arizmendi, nor did he report the event to his supervisors.

13. On other occasions prior to this event, Arizmendi had pretended to kiss plaintiff on the back of his neck, and called him "fucker" and "fuckup." Other employees, including Sanchez, teased plaintiff and hid his lunch, hid his name tag, forced him to eat his lunch and snacks quickly and taught him dance moves and laughed while he performed them. On information and belief, plaintiff was the subject of harassment by his co-workers and supervisors for at least a year prior to the April 15, 2007 event.

14. On more than one occasion, plaintiff's supervisor, Sanchez, called plaintiff "stupid."

15. On other occasions, co-employees and supervisors taught plaintiff how to make sexual gestures to a Winnie the Pooh stuffed animal.

16. Defendants knew or had reason to know, that due to plaintiff's disability he was unable to utilize defendants' nondiscrimination policies to notify defendants of the harassment or attempt to remedy the situation.

17. On or about April 15, 2007, Barbara Roe complained to the manager of the Vernon Hills Store that plaintiff had been subjected to "humping" on more than one occasion while at work at the store.

18. On information and belief, management personnel at the store conducted an investigation of these allegations which revealed that several of plaintiff's co-workers, including his supervisor, Cesar Sanchez, had engaged in inappropriate touching and teasing of plaintiff. On information and belief, as a result of the investigation, Sanchez was given an unpaid leave from the store for a period of two weeks, after which he returned to the store and continued to supervise plaintiff.

19. On behalf of plaintiff, Barbara Roe requested of management, after his April, 2007 incident, that plaintiff be allowed to work elsewhere and not under the supervision of Sanchez. This request was refused and plaintiff remained in constant fear of further harassment from co-workers and supervisors until the end of his employment. On information and belief, Vernon Hills' employees and managers received no training on how to prevent disability harassment from continuing and management took no action to insure that plaintiff would be safe from further harassment by co-employees.

20. Up until Vernon Hills management was notified of plaintiff's harassment complaint, plaintiff was performing his job to meet the legitimate expectations of defendant. After the complaint was made, plaintiff began to receive write ups for alleged inappropriate behavior, for behaviors, which at least in part, had been taught to him by his fellow employees and/or supervisors.

21. On May, 27, 2008, plaintiff was terminated from his position at defendant.

### First Claim for Relief Against Toys R Us – Hostile Environment

22. Plaintiff is a qualified individual within the meaning of §12111(8) of the ADA.

23. Defendant engaged in harassment of plaintiff because of his disability, and created a hostile environment based on his disability.

24. Defendant's action was willful and malicious in flagrant disregard of plaintiff's rights.

25. As a result of the defendant's actions as set forth herein, the plaintiff has suffered and will suffer substantial emotional injuries, including post traumatic stress syndrome, which has made it difficult for plaintiff to find work.

WHEREFORE, plaintiff respectfully requests that after trial by jury in this cause, this court enter judgment:

 A. Requiring defendant Toys R Us to reinstate plaintiff to his former position with all backpay and benefits to which he would have been entitled but for defendant's discriminatory conduct.

 B. Awarding plaintiff compensatory and punitive damages.

 C. Awarding plaintiff all reasonable attorneys fees and costs in connection with the prosecution of this action.

### Second Claim for Relief Against Toys R Us - Retaliation

26. Section 12203(a) of the ADA prohibits discrimination against any individual because such individual has opposed any act or practice made unlawful under the ADA.

27. Defendant terminated plaintiff because of protected complaints made on his behalf of disability harassment under the ADA.

28. As a result of the defendant's actions as set forth herein, the plaintiff has suffered substantial emotional and/or physical injury.

29. As a result of defendant's actions plaintiff has suffered economic loss including lost wages and benefits.

30. Defendant's actions were in willful disregard of plaintiff's rights.

WHEREFORE, plaintiff respectfully requests that this court, after trial by jury, award judgment in favor of plaintiff and against defendant:

    A. Requiring defendant, Toys R Us, to reinstate plaintiff to his former position with defendant with all back pay and benefits to which he would have been entitled but for defendant's discriminatory conduct.

    B. Awarding plaintiff compensatory and punitive damages.

    C. Awarding plaintiff all reasonable attorneys fees and costs in connection with the prosecution of this action.

### Third Claim for Relief – Failure to Accommodate

31. Defendants were specifically aware of the nature of plaintiff's disability and his need for a supportive work environment due to his disability. When plaintiff's mother required that plaintiff be removed from the supervision of Cesar Sanchez, this request was denied.

32. Defendants failed to provide a supportive work environment, failed to adequately supervise its employees and otherwise failed to accommodate plaintiff so that he could adequately perform his job.

WHEREFORE, plaintiff respectfully requests, after trial by jury, that this court enter judgment in favor of plaintiff and against defendant:

A. Requiring defendant, Toys R Us, to reinstate plaintiff to his former position with defendant with all back pay and benefits to which he would have been entitled but for defendant's discriminatory conduct.

B. Awarding plaintiff compensatory and punitive damages.

C. Awarding plaintiff all reasonable attorneys fees and costs in connection with the prosecution of this action.

**Fourth Claim for Relief – Assault against Defendant Arizmendi**

33. On or about April 15, 2007, defendant Arizmendi accosted plaintiff and by his actions caused plaintiff to be in great fear and apprehension of imminent harmful and offensive contact.

34. Defendant Alfredo's improper conduct towards plaintiff was willful and deliberate.

35. As a direct and proximate result of Arizmendi's actions, plaintiff suffered injuries, including but not limited to, pain and suffering, emotional distress, anguish, and experienced great humiliation and embarrassment and continues to suffer great pain and distress.

WHEREFORE, plaintiff demands compensatory and punitive damages against defendant Arizmendi.

**Fifth Claim for Relief- Battery Against Defendant Arizmendi**

36. On or about April 15, 2007, defendant Arizmendi willfully and intentionally shoved, and pushed plaintiff against a wall, pushing his genitals against plaintiff's buttocks, without plaintiff's consent or authorization and without provocation.

37. Arizmendi's actions were willful and deliberate.

7

38. As a proximate result of defendant Arizmendi's actions, plaintiff suffered injuries, including but not limited to, pain and suffering, emotional distress, anguish and great humiliation and embarrassment and continues to suffer great pain and distress.

WHEREFORE, plaintiff demands compensatory and punitive damages against defendant Arizmendi.

### Sixth Claim for Relief- Assault Against Toys R Us

39. Plaintiff repeats and reallages paragraphs 5 through 15 and 33 through 35 as if specifically alleged herein.

40. At all times relevant hereto, plaintiff was acting in furtherance of Toys R Us' business and was acting within the scope of his employment.

41. At all times relevant hereto, defendant Arizmendi's conduct was in furtherance of Toys R Us' business and he was acting within the scope of his duties of employment.

42. Toys R Us knew or had reason to know of Arizmendi's propensity for improper and abusive behavior toward his co-workers, including plaintiff, in the workplace.

43. Defendant Toys R Us permitted and authorized Alfredo's improper and abusive behavior to continue.

44. Defendant Toys R Us' actions were willful and deliberate.

45. As a direct and proximate result of Toys R Us' actions, plaintiff suffered injuries, including but not limited to pain and suffering, emotional distress, anguish and experienced great humiliation and embarrassment and continues to suffer great pain and distress.

WHEREFORE, plaintiff demands judgment in favor of plaintiff and against defendant Toys R Us for compensatory and punitive damages plus costs and whatever additional relief this Court deems equitable and just.

### Seventh Claim for Relief-Battery Against Babies R Us

46. Plaintiff restates and realleges paragraph 5 through 15 and 36 through 38 as though fully set forth herein.

47. At all relevant times, plaintiff was acting in furtherance of Toys R Us' business and was acting in the scope of his duties of employment.

48. At all relevant times hereto, Arizmendi's conduct was in furtherance of Toys R Us' business and he was acting within the scope of his duties of employment.

49. Toys R Us knew or had reason to know of defendant's propensity for improper touching and fondling of co-workers in the work place.

50. Toys R Us permitted and authorized Arizmendi's improper and abusive behavior to continue.

51. Toys R Us' actions were willful and deliberate.

52. As a direct and proximate result of Toys R Us' actions, plaintiff suffered injuries, including but not limited to, pain and suffering, emotional distress, anguish, and experienced great humiliation and embarrassment and continues to suffer great pain and distress.

WHEREFORE, plaintiff demands judgment in favor of plaintiff and against defendant Toys R Us, Inc. for compensatory and punitive damages plus costs and whatever additional relief this Court deems equitable and just.

**Eighth Claim for Relief- Negligent Supervision Against Babies R Us**

53. Plaintiff repeats and realleges paragraphs 5 through 21 as if specifically plead herein.

54. Toys R Us knew or should have known that plaintiff's co-workers and supervisors were unfit to perform their duties so as to create a danger of harm to co-workers.

55. Toys R Us failed to take measures to safeguard plaintiff from harm caused by his supervisors and co-workers.

56. As a result of Toys R Us' negligent supervision of its employees and supervisors, plaintiff suffered injuries including but not limited to pain and suffering, emotional distress, anguish, and experienced great humiliation and embarrassment and continues to suffer great pain and distress.

WHEREFORE, plaintiff demands judgment in favor of plaintiff and against defendant Toys R Us, Inc. for compensatory and punitive damages plus costs and whatever additional relief this Court deems equitable and just.

**Ninth Claim for Relief-Negligence Based on Special Relationship Doctrine**

57. Plaintiff repeats and reallages paragraphs 5 through 21 as if specifically incorporated herein.

58. When defendant Toys R Us undertook to hire plaintiff from the vocational program at NorthPointe Achievement, defendant assumed a special relationship with plaintiff giving rise to a duty to protect plaintiff from foreseeable harm.

59. Defendant breached that duty by failing to supervise and monitor the conditions of plaintiff's employment, by failing to provide training to supervisors and co-workers regarding

disability harassment, by failing to instruct plaintiff in how to protect his rights and by tolerating and/or condoning a hostile environment based on plaintiff's disability.

60. As a result of defendant's breach, plaintiff suffered injuries including but not limited to pain and suffering, emotional distress, anguish, and experienced great humiliation and embarrassment and continues to suffer great pain and distress.

WHEREFORE, plaintiff demands compensatory and punitive damages against defendant plus costs and whatever additional relief this Court deems equitable and just.

Respectfully Submitted,

s/ Miriam N. Geraghty

Miriam N. Geraghty
Joanne Kinoy
Jeffrey L. Taren
Kinoy, Taren & Geraghty, P.C.
224 S. Michigan Ave., Suite 300
Chicago, IL. 60604
Tel: (312) 663-5210
Fax: (312) 663-6663
Email: ktggeraghty@aol.com