# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 2116 | **DATE** | August 5, 2010 |
| **CASE TITLE** | *John Doe v. Toys R Us* | | |

**DOCKET ENTRY TEXT**

Plaintiff John Doe's motion to file a surreply [39-1] and the defendants' motion to file a surrebuttal [45-1] are granted. The motion to dismiss of defendant Toys R Us [16-1] is granted in part and denied in part as follows: the motion to dismiss Counts VI, VII, and VIII are denied; the motion to dismiss Count IX is granted; and the motion to strike plaintiff John Doe's request for compensatory and punitive damages in Counts I, II, and III is granted. The motion to dismiss of defendant Alfred Arizmendi [23-1] is denied. The defendants shall answer the counts not already answered no later than August 27, 2010. In addition, the parties are directed to file a joint status report with proposed deadlines for discovery and dispositive motions by August 27, 2010. They shall report for a status hearing before this court on October 28, 2010, at 11:00 a.m.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

## STATEMENT

Plaintiff John Doe did not allow a developmental delay to deter him. To that end, he worked with an organization that trains and obtains employment for persons with disabilities, and was eventually hired by defendant Toys R Us. According to the allegations of Doe's complaint, which the courts accepts as true for purposes of the motion to dismiss, Toys R Us and Doe were well-suited to each other for his first four years on the job. But during his fifth year, cruel coworkers began to torment him through frequent teasing. According to Doe's allegations, the teasing including hiding his lunch and name tag, teaching him dance moves and then laughing at him while he performed them, coaxing him to engage in "sexual gestures" with stuffed animals, and calling him names like "stupid" and "f**kup." Then on April 15, 2007, Doe alleges that a coworker, defendant Alfredo Arizmendi, pinned Doe to a wall and began pressing his genitals into Doe's buttocks, which Doe refers to as "humping." Doe's supervisor, assistant manager Cesar Sanchez, witnessed the humping but did not report the incident or reprimand Arizmendi.

Later that day, Doe's mother called the store manager to complain about the humping, which she said had occurred on more than one occasion. An investigation ensued and Toys R Us learned that several coworkers, including Sanchez himself, had engaged in inappropriate teasing and touching of Doe. Sanchez was placed on unpaid leave for two weeks but, when he returned, continued on as Doe's supervisor. Upon Sanchez's return, Doe's mother asked that Doe be allowed to work elsewhere so that he would no longer be supervised by Sanchez, but her request was refused.

After Sanchez's return, Doe began to receive write ups for inappropriate behavior, culminating in his termination on May 27, 2008. On March 16, 2009, Doe filed a charge of discrimination with the EEOC, and

received a right-to-sue letter on March 26, 2010. He initiated this suit on April 6, 2010, through his next friend, his mother. In the complaint, he alleges the following claims against Toys R Us: violations of the Americans with Disabilities Act by maintaining a hostile work environment (Count I), retaliation for opposing its discriminatory conduct (Count II), and a failure to accommodate his disability (Count III), as well as state law claims of assault (Count VI), battery (Count VII), negligent supervision (Count VIII), and negligence based upon a special relationship (Count IX). He also alleges the following two claims against coworker Arizmendi: assault (Count IV) and battery (Count V). Toys R Us has filed a motion to dismiss Counts VI through IX, as well as Doe's requests for compensatory and punitive damages under the Americans with Disabilities Act as requested in Counts I through III. Arizmendi has moved to dismiss Counts IV and V.

## ANALYSIS

**A.  Motion to Dismiss Standard**

A plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and "fair notice" of the plaintiff's claims and the basis for those claims. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). According to the Seventh Circuit, this language imposes two hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555). Second, the factual allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id.*; *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (to survive a motion to dismiss, a complaint's request for relief must be facially plausible).

However, "[a] complaint need not allege all, or any, of the facts logically entailed by the claim, and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Instead, a complaint contains enough details if it includes allegations that show that "it is plausible, rather than merely speculative, that he is entitled to relief." *Id.* at 1083 (internal quotations and citations omitted); *Iqbal*, 129 S. Ct. at 1949 (the alleged facts must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" so "naked assertions devoid of further factual enhancement" are insufficient). Meanwhile, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *See Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992).

**B.  Toys R Us Motion to Dismiss**

    **1.  Statute of Limitations on State Law Claims of Assault (Count VI) and Battery (Count VII)**

Toys R Us contends that Doe's claims for assault (Count VI) and battery (VII) must be dismissed because of Illinois' two-year statue of limitations. *See* 735 Ill. Comp. Stat. 5/13-202. According to Toys R Us, the claims for assault and battery are untimely because the conduct occurred on April 15, 2007, but Doe did not file suit until April 6, 2010, nearly three years later.

Doe concedes that the applicable statute of limitations under Illinois law is two years. However, he argues that the limitations period should be tolled under 735 Ill. Comp. Stat. 5/13-211 because of his developmental disability. Section 13-211 reads as follows:

> If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of this Act, the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed.

Doe alleges that he has a "significant developmental delay" that leaves him "unable to manage his own affairs and is unable to understand and act upon his legal rights." Complaint [1-1] ¶ 5. Thus, for purposes of the motion to dismiss he has sufficiently alleged that he suffered a legal disability at the time of the events that are the subject of this suit. *See Basham v. Hunt*, 773 N.E.2d 1213, 1221 (Ill. App. Ct. 2002) ("[a] person suffers from a 'legal disability' where he or she is entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his [or her] estate or financial affairs.") (internal quotation marks and citations omitted).

However, the court must next look to whether the allegations of the complaint establish that the disability has since been removed. *See* 735 Ill. Comp. Stat. 5/13-211 (action must be brought within 2 years of when "the disability is removed"); *see also Ruffin v. Kane Co. Sheriff's Dept.*, No. 01 CV 4898, 2006 WL 2088186, at *24 ("even if one assumes that Ruffin was initially under a legal disability for some period of time, it also would be necessary to see when the legal disability was removed, such that the statute of limitations clock would start up again."). The defendants have identified two events that they contend demonstrate that Doe's legal disability has been removed. First, they ask the court to take judicial notice of a lawsuit he filed in Lake County on May 7, 2008, for injuries he suffered in an auto accident. Second, they ask the court to take into account the fact that Doe filed his EEOC charge on May 16, 2009, as alleged in the complaint.

Availing oneself of legal rights, such as filing a lawsuit or an EEOC charge, indicates that a legal disability does not exist. *See Dikcis v. Indopco, Inc.*, No. 96 CV 5526, 1997 WL 211218, at *9 (N.D. Ill. Apr. 18, 1997) (plaintiff's allegations that he filed a charge of discrimination with the EEOC undermines his argument that he suffered a legal disability). However, even if Doe's legal disability ended as soon as May 7, 2008, and the statute of limitations applicable to the instant claims began to run then, he met the two-year deadline by filing the instant suit on April 6, 2010. The defendants appear to argue that the statute of limitations began to run before that date, but they have identified no allegation in the complaint to support their contention that Doe's legal disability was removed at any point before May 7, 2008.

Alternatively, the defendants argue that Doe's mother, who filed the instant suit on his behalf as his next friend, knew about the alleged assault and battery when it occurred and, therefore, the statute of limitations was never tolled. However, the relevant focus is on whether the plaintiff suffered a legal disability, not on whether the plaintiff's next friend could have filed suit earlier. *See Valdovinos v. Tomita*, 914 N.E.2d 221, 227 (Ill. App. Ct. 2009) ("To hold otherwise, would require that the enforcement of an incompetent person's rights be left to the whim or mercy of some self-constituted next friend.") (internal quotation marks and citations omitted).

Accordingly, the defendants' arguments about the timeliness of Doe's claims of assault and battery are unavailing.

    **2.**    **Preemption under the Illinois Workers' Compensation Act of all of Doe's State Law Claims (Counts VI, VII, VIII and IX)**

Next, Toys R Us contends that all of Doe's state law claims (Counts VI through IX) are preempted by the Illinois Workers' Compensation Act. The Illinois Workers' Compensation Act provides the exclusive remedy

for workplace injuries that are accidental. *See Benitez v. American Standard Circuits, Inc.*, 678 F. Supp. 2d 745, 766 (N.D. Ill. 2010). However, an injury is accidental only if "the employer did not intentionally inflict the injury upon the employee, did not command or expressly authorize the injury or as long as the co-employee was not acting as the alter ego of the employer." *Id.* (internal quotation marks and citations omitted).

Doe has alleged a long history of teasing and torment at the hands of coworkers. "[A]s acts of sexual harassment or other misconduct become more frequent and recur over an extended period of time, it becomes more difficult to describe such acts as accidents . . . and more plausible to characterize them as the intended policy of the employer itself." *Id.* (internal quotation marks and citations omitted). In addition, Doe alleges that even though the teasing and torment were witnessed by his supervisor, Cesar Sanchez, Sanchez did not reprimand the coworkers or report the incident. Toys R Us asserts that Sanchez's observations cannot be imputed to Toys R Us because Sanchez was not vested with sufficient authority to confer alter ego status upon him. However, the extent of Sanchez's authority is a question of fact that cannot be resolved on a motion to dismiss. For purposes of the motion, Doe's allegation that Sanchez was an assistant manager is sufficient to plausibly suggest liability.

Accordingly, Doe has sufficiently alleged intentional conduct by Toys R Us that is not preempted by the Illinois Workers' Compensation Act. Therefore, the issue of preemption is not a ground for dismissing Counts VI and VII.

> 3.  **Preemption under the Illinois Human Rights Act of Doe's Claims of Negligent Supervision (Count VIII) and Negligence Based on a Special Relationship (Count IX)**

Finally, Toys R Us argues that Doe's state law claims of negligent supervision (Count VIII) and negligence based on a special relationship are preempted by the Illinois Human Rights Act. The Illinois Human Rights Act prohibits employment discrimination based on a number of characteristics, including discrimination based on a "physical or mental handicap." 755 Ill. Comp. Stat. 5/1-102. The Human Rights Act preempts all other state law claims that are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997).

Toys R Us contends that Doe's claims for negligent supervision and negligence based on a special relationship are preempted because, absent the Human Rights Act's prohibition on disability discrimination, there would be no actionable tort. However, Doe's disability does not factor into his negligent supervision claim because he has alleged that Toys R Us' failure to supervise its employees resulted in assault, battery, and emotional distress, not that it resulted in disability discrimination. Thus, the facts of this case are distinguishable from the facts of *Johnson v. Joliet Junior College*, No. 06 CV 5086, 2007 WL 1119215, at *1 (N.D. Ill. Apr. 10, 2007), where a plaintiff alleged that the defendant's negligent supervision of coworkers resulted in the racial harassment of the plaintiff. The court in *Johnson* found that the negligent supervision claim was preempted because the defendant's duty to protect the plaintiff from racial harassment came from the Human Rights Act. *Id.* at *2. In contrast, Toys R Us' duty to protect its employees from being assaulted and battered by fellow employees is independent of its duties under the Human Rights Act. *See Ofoma v. Armour*, No. 97 CV 6420, 1998 WL 409381, at *4 (N.D. Ill. June 25, 1998) ("to the extent that plaintiff's negligent supervision claim is based on a failure to prevent assault and battery by Armour, it is not preempted. Such allegations are in no way dependent upon the IHRA for legal viability. Rather, they involve only the Illinois common law . . .").

As for Doe's claim of negligence based on a special relationship, an employer-employee relationship itself is not a special relationship. *See Platson v. NSM, America, Inc.*, 748 N.E.2d 1278, 1287 (Ill. App. Ct. 2001). The

only other special relationship plausibly suggested by Doe's complaint is one based on his developmental disability. As a result, Doe's claims of negligence based on a special relationship is inextricably intertwined with his civil rights claim and, therefore, is preempted by the Human Rights Act.

Accordingly, Toys R Us' motion to dismiss Count VIII (negligent supervision) is denied, while the motion to dismiss Count IX (negligence based on a special relationship) is granted.

### 4. Compensatory and Punitive Damages under the Americans with Disabilities Act (Counts I, II, and III)

Finally, Toys R Us moves to strike Doe's claims for compensatory and punitive damages under the Americans with Disabilities Act. Doe acknowledges that the Seventh Circuit has concluded that such damages are not available under the ADA, *see Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 968 (7th Cir. 2004), but argues that *Kramer* is incorrect. This court must follow Seventh Circuit precedent. Accordingly, the motion to strike Doe's claims for compensatory and punitive damages under the ADA is granted.

### C.  Arizmendi's Motion to Dismiss

Defendant Alfredo Arizmendi seeks to dismiss Doe's state law claims of assault (Count IV) and battery (Count V) against him. In support, he asserts that the claims are untimely under the relevant two-year statute of limitations.

For the reasons the court denied Toys R Us' motion to dismiss the assault and battery claims against it, the court denies Arizmendi's motion to dismiss Counts IV and V.

### CONCLUSION

For the reasons stated, the motion to dismiss of defendant Toys R Us is granted in part and denied in part as follows: the motion to dismiss Counts VI, VII, and VIII are denied; the motion to dismiss Count IX is granted; and the motion to strike Doe's request for compensatory and punitive damages in Counts I, II, and III is granted. The motion to dismiss of defendant Alfred Arizmendi is denied.

rs/cpb