# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, BY HIS NEXT FRIEND, BARBARA ROE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 10 CV 2116 |
| TOYS R US and ALFREDO ARIZMENDI, | )<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS BARBARA ROE AS NEXT FRIEND FOR LACK OF STANDING AND TO BAR THE USE OF PSEUDONYMS IN THIS MATTER

Defendant Toys R Us Delaware Inc. ("TRU"), by and through its attorneys, Jackson Lewis LLP, and Defendant Alfredo Arizmendi ("Arizmendi") by and through his attorneys, Caffarelli & Siegel, collectively referred to as "Defendants," submit their Motion to Dismiss Barbara Roe as Next Friend for Lack of Standing and to Bar the Use of Pseudonyms In This Matter. In support of their motion, Defendants state as follows:

## FACTS

On April 6, 2010, Plaintiff John Doe ("Plaintiff") filed this action by his mother and Next Friend, Barbara Roe ("Roe"), against Defendants asserting violations of the Americans with Disabilities Act ("ADA") and various state law claims. Plaintiff's claims are based primarily on his allegation that on one occasion on April 15, 2007, his former coworker, defendant Arizmendi, pressed his genitals against Plaintiff's buttocks and performed a "humping" motion. (Complaint, attached hereto as Exhibit A, ¶ 12.) Plaintiff alleges he is a 35-year-old male with a "developmental delay" and is disabled within the meaning of the ADA. (Compl. ¶ 5.)

Defendants moved to dismiss Plaintiff's state law claims on the grounds, among others, that they are barred by the applicable two-year statute of limitations. In his response to Defendants' motions, Plaintiff conceded the untimeliness of his claims, but argued that the limitations period should be tolled because of his alleged disability. In their reply briefs, Defendants presented evidence to show that equitable tolling was unwarranted because, notwithstanding his alleged disability, Plaintiff engaged in litigation related activities during the limitations period, including filing a personal injury lawsuit in Lake County, Illinois, on May 7, 2008, and filing an EEOC charge against TRU on March 16, 2009, based on the same events at issue here and that such conduct showed Plaintiff was not legally disabled at the time of the filings.

On August 5, 2010, this Court entered an order denying Defendants' motions with respect to the timeliness of Plaintiff's claims. (Memorandum Opinion ("Mem. Op.") dated 08/05/10, attached hereto as Ex. B.) The Court found that Plaintiff had sufficiently alleged that he suffered a "legal disability" *at the time of the events at issue* (2007) and, as a result, equitable tolling was appropriate. (*Id.* at p. 3.) However, the Court also acknowledged that as a matter of law "availing oneself of legal rights, such as filing a lawsuit or an EEOC charge, indicates that a legal disability does not exist." (*Id.* citing *Dikcis v. Indopco, Inc.*, No. 96 CV 5526, 1997 WL 211218, at *27-28 (N.D. Ill. 1997).) As a result, the Court determined that Plaintiff's "legal disability" ended as soon as May 7, 2008, when he filed the Lake County lawsuit. (*Id.*) The Court therefore held that the statute of limitations applicable to the instant claims began to run on May 7, 2008, and Plaintiff met the two-year deadline by filing this suit on April 6, 2010.

After ruling on Defendants' motions, the Court referred the case to Magistrate Soat Brown for discovery supervision, settlement conference and non-dispositive motions. At a status

2

hearing on September 1, 2010, Magistrate Soat Brown questioned Plaintiff's ability to proceed through his Next Friend Barbara Roe, and the basis for the use of pseudonyms John Doe and Barbara Roe to describe Plaintiff and his Next Friend. The Magistrate directed Plaintiff to file a statement demonstrating that Roe has legal standing to bring this action and explaining the basis for the use of pseudonyms. (Docket No. 59.)

On September 13, 2010, Plaintiff filed his Memorandum in Support of Plaintiff's Standing to Bring Case by His Next Friend and in Name of Barbara Roe. ("Pl. Mem.", attached hereto as Ex. C.) Plaintiff's memorandum fails to establish that Roe has standing to bring this case on his behalf and that the use of pseudonyms is appropriate in this matter. Accordingly, the Court should enter an order dismissing Roe as Plaintiff's Next Friend and requiring that, in order to avoid dismissal of this action, Plaintiff must file an amended complaint on his own behalf and in his real name.

## STANDARD OF REVIEW

Standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205 (1975). Motions to dismiss based on lack of standing are considered under Fed. R. Civ. P. 12(b)(1) as an argument that the court lacks subject matter jurisdiction. *Mayo v. Lane*, 867 F.2d 374, 378 (7th Cir. 1989). For the purpose of determining subject matter jurisdiction, the court may properly "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

3

# ARGUMENT

## A. Barbara Roe Lacks Standing To Sue On Plaintiff's Behalf

Plaintiff claims Roe is entitled to sue on behalf of Plaintiff under Fed. R. Civ. P. 17(c) ("Rule 17(c)"). (*See* Pl. Mem., pp. 2-3.) However, Rule 17(c) does not apply to the facts of this case because Plaintiff is the party in interest and is capable of suing on his own behalf. Under the Federal Rules of Civil Procedure, "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Only when an individual lacks capacity to sue because the individual lacks age or is incompetent, that is when the provisions of Rule 17(c) come into effect. See Moore's Federal Practice §13.17[1][a]. Rule 17(c) allows "next friend" suits, but only on behalf of an "infant or incompetent person who does not have a duly appointed representative." Fed. R. Civ. P. 17(c). "[O]ne necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165, 110 S.Ct. 1717, 1728 (1990). Further, "the burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164; *see also T.W. and M.W. v. Brophy*, 954 F. Supp. 1306, 1309 (E.D. Wis. 1996).

Here, Plaintiff does not lack legal capacity to sue, so he must sue on his own behalf. Under Illinois law, a person lacks capacity to file suit if he is suffering from a "legal disability." *See generally, Estate of Riha v. Christ Hospital*, 544 N.E.2d 403, 405 (1st Dist. 1989) (noting that definition of "legal disability" in Illinois' equitable tolling statute was designed "to protect the

rights of those who were not 'legally competent to bring actions directly'"). A person suffers from a "legal disability" where he is "entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs." *Basham v. Hunt*, 773 N.E.2d 1213, 1221 (Ill. App. Ct. 2002) (internal quotation marks and citations omitted).

Plaintiff argues that the affidavits of Roe and his psychiatrist establish that Roe has standing to litigate this case on Plaintiff's behalf. (Pl. Mem., p. 3.) According to Roe, Plaintiff is unable to live alone, unable to manage his finances, and has difficulty communicating with other people. (*See* Pl. Mem., Ex. A, ¶¶ 7-8, 11.) Plaintiff's psychiatrist, who has been treating Plaintiff since July 2007, opines that Plaintiff has "marked impairments in higher order thinking" and has limited ability to communicate with others. (*See* Pl. Mem., Ex. B, ¶ 2.) Plaintiff argues that these affidavits show that, because of his "mental disability," it would be "difficult" for Plaintiff to appear on his own behalf. (Pl. Mem., p. 3.) But the question is not whether litigating this case would be "difficult" for Plaintiff. Rather, it is whether Plaintiff has a legal disability that prevents him from suing on his own behalf in this litigation. This Court has already ruled as a matter of law that Plaintiff's "legal disability" ended on May 7, 2008 when he filed the Lake County lawsuit on his own behalf. (Mem. Op., p. 3.) Plaintiff makes no claim that he has been adjudicated incompetent since May 7, 2008 (when he took legal action that is inconsistent with a disability) or at any other time for that matter. Nor has Plaintiff alleged facts to suggest that his mental condition at the time this lawsuit was filed was any different than when he filed the Lake County action in 2008 or his EEOC charge in 2009, both events which show that any alleged disability had been removed as a matter of law. As a result, Plaintiff has failed to meet his

5

burden to establish that he is incompetent and that Roe has standing to bring this suit on his behalf, and the Court should dismiss Roe as Plaintiff's Next Friend in this matter.

### B. The Use Of Pseudonyms In This Case Is Unnecessary And Improper

The Seventh Circuit has held that the use of fictitious names is disfavored, and the Court has "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F. 3d 869, 872 (7th Cir. 1997). Rule 10(a) of the Federal Rules of Civil Procedure, in providing that the complaint shall identify all parties to the suit, reflects the principle that judicial proceedings are to be conducted in public. *Id.* The Seventh Circuit has recognized, however, that the use of fictitious names may be justified when necessary to "protect the privacy of children, rape victims, and other particularly vulnerable parties or witness." *Id.*

Here, Plaintiff argues that he should be permitted to proceed under a fictitious name because he is a "mentally disabled adult" alleging "sexual abuse by his coworkers and his employer." (Pl. Mem., p. 5.) Plaintiff's argument *seriously* mischaracterizes his allegations in this matter. Plaintiff does not even claim sexual harassment against Defendants, much less that the he is a victim of "sexual abuse." (*See* Compl., Ex. A.) Plaintiff alleges that Arizmendi, on one occasion, pressed his genitals against Plaintiff's buttocks and performed a "humping" motion. (Compl. ¶ 12.) Plaintiff's allegations do not constitute the type of "exceptional circumstances" necessary to justify the use of a fictitious name in this case.

Moreover, the argument that Plaintiff has a "developmental delay" is not such a "badge of infamy or humiliation in the modern world" to justify concealing Plaintiff's identity. *Doe*, 112 F.3d at 862 (plaintiff's psychiatric disorder—obsessive-compulsive syndrome—was not so rare a disorder to justify the use of fictitious name). "To make it such would be to propagate the

view that mental illness is shameful." *Id.* Accordingly, the Court should enter an Order barring Plaintiff from using a pseudonym in this matter and require that any amended complaint be filed in his real name.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court enter an Order dismissing Barbara Roe as Plaintiff's Next Friend, and requiring that in order to avoid dismissal of this action, Plaintiff must file an amended complaint on his own behalf and in his real name within 14 days after entry of the Order.

Respectfully submitted,

**TOYS R US DELAWARE INC.**

Dated: September 29, 2010 By: /s/ James F. Botana
Attorney for Defendant Toys R Us

James F. Botana
Kenneth Charles Robling
Jackson Lewis LLP
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
(312) 787-4949

**ALFREDO ARIZMENDI**

By: /s/ Marc J. Siegel
Attorney for Defendant Arizmendi

Marc J. Siegel
Bradley Manewith
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601
(312) 540-1230

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 29, 2010, he caused the foregoing motion to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system, including:

>Miriam W. Geraghty
>Jeffrey Lynn Taren
>Joanne Kinoy
>Kinoy, Taren, Geraghty & Potter
>224 South Michigan Avenue
>Suite 300
>Chicago, IL 60604

By: /s/ Kenneth C. Robling
Attorney for Defendant Toys R Us