# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN C. WALTI, <br> BY HIS NEXT FRIEND <br> BARBARA WALTI, <br><br> Plaintiff, <br><br> v. <br><br> TOYS R US and ALFREDO <br> ARIZMENDI, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 10 C 2116 <br> ) <br> ) <br> ) <br> ) <br> ) Judge Blanche M. Manning <br> ) Magistrate Judge Geraldine Soat Brown <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Geraldine Soat Brown, United States Magistrate Judge

    Before the court is the motion filed by defendant Toys R Us ("Toys R Us") to compel a psychological examination of plaintiff John Walti ("Walti") pursuant to Federal Rule of Civil Procedure 35. (Def.'s Mot. Compel.) [Dkt. 107.][1] Walti filed a response to the motion (Pl.'s Resp.) [dkt. 111]; and Toys R Us filed a reply (Def.'s Reply) [dkt. 112]. For the reasons set forth herein, the motion is granted.

---

[1] Plaintiff in this matter is John C. Walti, by his next friend Barbara Walti. For ease of reference, "Walti" will refer to John Walti individually.

## BACKGROUND

Walti alleges that, while employed by Toys R Us, he was discriminated against on the basis of his disability, described in his Second Amended Complaint as a "significant developmental delay." (Pl.'s Mot. Leave File, Ex. 1, Second Am. Compl. ¶ 1) [Dkt. 82.][2] Walti raises statutory claims for retaliation, creation of a hostile work environment, and failure to accommodate pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as well as common law claims for negligent supervision, assault, and battery. (*Id.* ¶¶ 22-56.) Walti alleges emotional injuries in five of his six claims against Toys R Us. (*Id.* ¶¶ 25, 28, 45, 52, 56.)

In order to evaluate Walti's alleged emotional and psychological injuries, Toys R Us filed a motion to compel Walti to submit to a psychological examination pursuant to Rule 35 to be conducted by its expert, Dr. Beth R. Rom-Rymer, PhD, FICCP. (Def.'s Mot. Compel ¶¶ 10, 16-17.) Walti objects that the motion is untimely. (Pl.'s Resp. at 3-7.)

The discovery deadlines in this case were set as follows. Initially, the parties agreed to complete fact discovery by December 1, 2010. (Initial Status Rpt. at 2.) [Dkt. 57.] That deadline was later extended to March 18, 2011. (Order, Nov. 30, 2010.) [Dkt. 81.] Depositions of Walti's treating professionals were not subject to the fact discovery deadline. (Order, Jan. 25, 2011.) [Dkt. 89.] In terms of expert disclosures, Walti originally agreed that he would file his Rule 26(a)(2) disclosures with a written report by December 3, 2010. (Initial Status Rpt. at 2.) That deadline was later extended to March 31, 2011. (Order, Jan. 25, 2011.) Walti tendered expert witness reports from two of his treating professionals, his psychiatrist Dr. James Marks

---

[2] The Second Amended Complaint was not separately filed with the Court, but is attached to Walti's Motion for Leave to File. (Pl.'s Mot. Leave File, Ex. 1.)

and his psychologist Dr. Laurette Ferraresi. (Agreed Mot. ¶ 4.) [Dkt. 94.] Those expert reports were submitted in a timely manner, but were incomplete. (*Id*.) Accordingly, Walti was given an additional extension until April 22, 2011 to fix any errors. (*Id.* ¶ 5; Order, Apr. 20, 2011.) [Dkt. 96.] Toys R Us originally agreed to file its Rule 26(a)(2) disclosures with written reports by January 7, 2011. (Initial Status Rpt. at 2.) That deadline was extended twice: to June 24, 2011 and then to July 15, 2011. (Agreed Mot. ¶ 6; Order, Apr. 20, 2011; Order, June 10, 2011.) [Dkt. 105.]

Toys R Us deposed Walti's treating professionals in mid-May 2011, and represents that it received the deposition transcripts on June 1, 2011. (Mot. Extension ¶¶ 1-2.) [Dkt. 103.] At the end of June 2011, counsel for the parties conferred about Toys R Us's request for a Rule 35 examination pursuant to Local Rule 37.2, but were unable to reach an agreement. (Def.'s Mot. Compel ¶¶ 11-12, Ex. 3.) On July 1, 2011—three months after the close of fact discovery and two weeks before defendants' expert disclosures were due—Toys R Us filed the present motion to compel a Rule 35 examination. (Def.'s Mot. Compel.)

## DISCUSSION

### I. The substantive requirements of Rule 35.

A party seeking to compel another party to submit to a physical or mental examination must obtain an order under Rule 35. The rule requires a "discriminating application" by the trial court in order to determine whether the moving party has satisfied the substantive requirements

3

of the Rule. *Schlagenhauf v. Holder*, 379 U.S. 104, 118-119 (1964). To satisfy the substantive requirements of Rule 35, the moving party must show that: (1) the party's mental or physical condition is in controversy; and (2) there is good cause for the examination. Fed. R. Civ. P. 35(a)(1)-(2)(A); *Schlagenhauf*, 379 U.S. at 116. The moving party bears the burden to show affirmatively that these requirements have been satisfied, and such a showing requires more than "mere conclusory allegations of the pleadings" or "mere relevance to the case." *Schlagenhauf*, 379 U.S. at 118.

      A.    *Walti's mental condition is in controversy.*

In the present case, Walti does not contest that his mental condition is in controversy. To the contrary, Walti emphasizes that his intellectual capacity, post-traumatic stress "syndrome" diagnosis, and overall mental condition have been at issue since the beginning of the case. (Pl.'s Resp. at 1, 4-5.) Walti acknowledges that he has alleged that he is disabled under the ADA because of his developmental delay, his inability to understand his rights, and his inability to manage his affairs. (*Id.* at 2.) In addition, Walti acknowledges that he has sought to toll the statute of limitations based on his mental incapacity. (*Id.*)

Even without Walti's concession, it is clear that Walti's condition is in controversy. In five of his six claims against Toys R Us, Walti seeks to recover damages for emotional and psychological injuries, making this a major component of his damages claim. (Second Am. Compl. ¶¶ 25, 28, 45, 52, 56.) When emotional distress damages are a major component of a

damages claim, a litigant's mental health has been held to be in controversy. *See Bovey v. Mitsubishi Motor Manufacturing of Am., Inc.*, No. 00 1402, 2002 U.S. Dist. LEXIS 5701 at *2-3 (C.D. Ill. Apr. 3, 2002). Walti specifically seeks damages for a psychological condition, namely post-traumatic stress "syndrome." (Second Am. Compl. ¶ 25.) Hence, Walti's emotional injuries rise above mere humiliation and embarrassment and amount to more than a "garden variety" emotional distress claim. *See Mitchell v. Iowa Interstate R.R.*, *Ltd,* No. 07 1351, 2009 WL 2431590 at *1-2 (C.D. Ill. Aug. 5, 2009) (holding mental condition in controversy because plaintiff alleged more than mere embarrassment).[3]

B.    *There is good cause to compel a Rule 35 examination.*

Furthermore, there is good cause to compel a Rule 35 examination, and Walti does not contest this point. First, Walti alleges continuing harm, not just past harm. (Pl.'s Second Am. Compl. ¶¶ 38, 45, 52, 56.) *See Jansen v. Packaging Corp. of Am.*, 158 F.R.D. 409, 410 (N.D. Ill. 1994) (holding good cause component "doubly clear" given that plaintiff was alleging continuing

---

[3] *See also Chrissafis v. Continental Airlines, Inc.*, No. 95 C 5080, 1997 WL 534874 at *3 (N.D. Ill. Aug. 21, 1997) (holding mental condition in controversy where plaintiff alleged that she suffered post-traumatic stress disorder and is still suffering from effects); *Walton v. N.C. Dept. of Agric. and Consumer Servs.*, No. 09 C 302 FL, 2011 WL 883579 at *3 (E.D.N.C. Mar. 11, 2011) (holding mental injuries constitute more than "garden variety" emotional distress claims where plaintiff alleged she suffered from post-traumatic stress disorder); *compare with Nolan v. Int'l Bhd. of Teamsters Health & Welfare and Pension Funds, Local 705*, 199 F.R.D. 272, 274-76 (N.D. Ill. 2001) (refusing to grant motion to compel Rule 35 examination where plaintiff only alleged emotional suffering akin to humiliation and embarrassment as opposed to a claim based on "an actual injury, a psychological disorder, or any distress rising above embarrassment and humiliation").

5

emotional harm).

Second, before the events giving rise to the present case, Walti was involved in a car accident for which he filed a personal injury suit in state court alleging post-traumatic stress disorder ("PTSD") as a result of the accident. (Def.'s Mot. Compel ¶¶ 7-8.) Toys R Us should be given the opportunity to explore whether any of the emotional injuries claimed in this case were caused by that accident. *See Franco v. Boston Scientific Corp.*, No. 05 CV 1774 RS, 2006 WL 3065580 at *2 (N.D. Cal. Oct. 27, 2006) (refusing to limit scope of Rule 35 psychological examination because defendant should be allowed to investigate what psychological effects were caused by patient's history of depression and "post-traumatic stress"); *see also Bethel v. Dixie Homecrafters, Inc.*, 192 F.R.D. 320, 323 (N.D. Ga. 2000) (holding good cause established where plaintiff admitted to other events that could have caused or contributed to emotional distress).

Third, Walti has disclosed his own treating professionals to testify as expert witnesses about his mental state. *See Bovey*, 2002 U.S. Dist. LEXIS 5701 at *3 (holding good cause shown because plaintiff intended to introduce mental health evidence or testimony at trial, and defendant should have opportunity to rebut that evidence); *Allshouse v. JBL Ltd.*, No. 05 CV 403 DRH, 2006 WL 517615 at *2 (S.D. Ill. Mar. 2, 2006) (holding defendant not required to rely solely on assessment made by plaintiff's witnesses regarding her mental condition).

Finally, Toys R Us seeks an evaluation of Walti using certain peer-reviewed psychological examinations, and cannot obtain this information from another source because Walti's treating professionals diagnosed Walti without performing any comparable examinations.

(Def.'s Mot. Compel ¶ 16, Exs. 6-7.)[4] *See Schlagenhauf*, 379 U.S. at 118 (stating ability of movant to obtain desired information by other means is relevant to determination of good cause).

## II.     Timeliness.

   A.     *Walti's experts' depositions confirmed the need for the Rule 35 examination.*

Walti's main objection is that the present motion is untimely because it was filed three months after fact discovery closed, although two weeks before Toys R Us's expert disclosures were due. (Pl.'s Resp. at 1, 3-7.) Rule 35 does not specify a deadline in which to seek an order. Instead, Walti relies on a case in which the Seventh Circuit held that the trial court did not abuse its discretion in denying a request for a Rule 35 examination when the request was made after the close of fact discovery but before the end of the expert disclosure period. *Miksis v. Howard*, 106 F.3d 754, 758-59 (7th Cir. 1997). The court rejected the defendants' argument that the need for a Rule 35 examination became evident only after the plaintiff disclosed that he would offer expert testimony about his estimated life-long medical costs, because such testimony was foreseeable in light of plaintiff's severe injuries, and the plaintiff's medical condition had been at issue from the

---

   [4]In addition to a clinical interview, Toys R Us's motion requested the following tests: (1) Wechsler Adult Intelligence Scale (3rd ed.); (2) Minnesota Multiphasic Personality Inventory II; (3) Millon Clinical Multiaxial Inventory III; (4) Rorschach Psychodiagnostic Test; (5) Wahler Physical Symptoms Inventory; and (6) Posttraumatic Stress Disorder Scale. (Def.'s Mot. Compel ¶¶ 17-18.) However, its proposed order for the Rule 35 examination no longer requests the Minnesota Multiphasic Personality Inventory II, the Millon Clinical Multiaxial Inventory III, or the Wahler Physical Symptoms Inventory. (Defs.' Proposed Order at 1-2.) Toys R Us instead proposes adding the additional tests: Personality Assessment Inventory (PAI); Revised Hamilton Rating Scale for Depression (RHRSD); and the Tennessee Self-Concept Scale: Second Edition (TSCS: 2). The order delineating the scope of the examination identifies the tests to be conducted.

beginning of the case. *Id.* The court agreed with the district judge that the defendants were aware that fact discovery would close before they received expert disclosures, and should have planned their Rule 35 examination request accordingly. *Id.*

*Miksis* does not, however, establish a bright-line rule requiring that requests for Rule 35 examinations must always be brought before the close of fact discovery. Rather, the Seventh Circuit reviewed the district judge's decision for abuse of discretion. *Miksis*, 106 F.3d at 758. Generally speaking, district courts have wide discretion in discovery matters. *See Becker v. I.R.S.*, 34 F.3d 398, 406 (7th Cir. 1994); *see also Rainey v. Wal-Mart Stores, Inc.*, 139 F.R.D. 94, 94-95 (W.D. La. 1991) (noting district courts have wide discretion with respect to ordering Rule 35 examinations).

As a result, district courts have granted or denied motions under Rule 35 depending on the facts in the particular cases.[5] The question is whether, on the facts here, the court should

---

[5] Toys R Us points to decisions where the district court exercised its discretion to allow Rule 35 examinations after the close of fact discovery. *See Impey v. Office Depot, Inc.*, No. C-09-1973, 2010 WL 2985071 at *19-21 (N.D. Cal. July 27, 2010) (citing *Miksis* and granting motion to compel Rule 35 examination filed two months after close of fact discovery where plaintiff's expert examination also took place after close of fact discovery); *Allshouse*, 2006 WL 517615 at *2 n. 1 (granting motion to compel Rule 35 examination where defendant contacted chambers two weeks before its expert report was due); *Walton*, 2011 WL 883579 at *1, 4 (granting motion to compel Rule 35 examination where filed 17 days before close of discovery and proposed that examinations take place after discovery cutoff); *DeNeui v. Wellman*, No. CIV 07 4172, 2008 WL 4065816 at *6-7 (D.S.D. Aug. 27, 2008) (citing *Miksis* and granting motion to compel Rule 35 examination and related extension when motion filed on date expert disclosures due); *see also Valita M. v. City of Chicago*, No. 83 C 3745, 1986 WL 8736 at *1, 3 (N.D. Ill. Aug. 1, 1986) (stating court would not have denied motion to compel Rule 35 examination solely on basis of timing where motion filed after close of fact discovery and experts were deposed after fact discovery was closed).

Walti cites two cases where the district court exercised its discretion to deny Rule 35 examinations, but neither is directly on point here. In *Briesacher v. AMG Resources, Inc.*, No. 03 C 331, 2005 WL 2105908 (N.D. Ind. Aug. 31, 2005), the court denied a motion for a Rule 35 examination that was filed after the close of *both* fact and expert discovery. In *Balzer v. Am.*

exercise its discretion to require the examination at this time.

Walti argues that Toys R Us should have sought a Rule 35 examination before the close of fact discovery because: Toys R Us knew that Walti's mental state was at issue from the inception of this case; Toys R Us had records from Walti's treating professionals, Drs. Marks and Ferraresi, since September 2010; and Toys R Us was informed of and subpoenaed records from Walti's personal injury suit in January 2011. (Pl.'s Resp. at 1 n. 2, 4 n. 5.) In addition, Toys R Us knew that fact discovery would close before it received expert disclosures and reports. (Def.'s Mot. Compel ¶ 5; Order, Jan. 25, 2011.)

Toys R Us argues that its motion is timely because it could not have foreseen the need for a Rule 35 examination before May 2011, when it deposed Drs. Marks and Ferraresi. (Def.'s Mot. Compel ¶¶ 7-10; Def.'s Reply at 3.) Toys R Us asserts that it learned the following facts at those depositions: (1) that Drs. Marks and Ferraresi never conducted peer-reviewed or other generally accepted psychological testing to determine the extent of Walti's mental capacity and/or injury with psychological or scientific certainty; (2) that Drs. Marks and Ferraresi initially began treating Walti in 2007 for alleged psychological injuries resulting from an automobile accident that occurred before the events at issue in this case, notwithstanding their opinions that Walti suffers from post-traumatic stress disorder resulting from the events alleged in this case; and (3) that Walti's mother, Barbara Walti, often attended his treatment sessions and spoke on his behalf. (Def.'s Mot. Compel ¶¶ 7-10, 16.)

---

*Family Ins. Co.*, No. 08 C 241, 2010 WL 1838431 (N.D. Ind. May 6, 2010), the court denied the motion to compel a Rule 35 examination that was filed after the close of fact discovery and on the same day expert disclosures were due.

Neither party submitted evidence sufficient for the court to determine the second and third points; that is, whether the depositions of Walti's treating professionals disclosed new information to Toys R Us about Walti's claim of similar emotional injuries due to the prior automobile accident and about Barbara Walti's attendance at and involvement in Walti's treatment sessions. Toys R Us did not provide sworn affidavits, and the deposition transcript excerpts it submitted do not answer the question of what Toys R Us knew before the depositions. Likewise, although Walti asserts that Toys R Us earlier subpoenaed documents from Walti's lawsuit involving the automobile accident, Walti neither provided the subpoenaed records nor explained which of those documents would have revealed the relevant facts. (Pl.'s Resp. at 1 n. 2, 4 n. 5.)

Walti does not, however, contest the first point: that Toys R Us first learned (or confirmed) during the treating professionals' depositions that they arrived at their diagnoses based on their own interviews with Walti and without performing any peer-reviewed tests. (Def.'s Mot Compel ¶ 16, Exs. 6-7.) That fact supports Toys R Us's request for a Rule 35 examination by its expert. Without the results of peer-reviewed tests or a comparable opportunity to interview Walti, Toys R Us's experts may be unable to form opinions about his condition. Toys R Us is not required to rely on the conclusions of Walti's treating professionals and is entitled to a reasonable opportunity to test those conclusions by using standardized or peer-reviewed psychological examinations. *See Walton*, 2011 WL 883579 at *3-4 (stating defendant should have opportunity to investigate emotional injuries in case where defendant questioned experts' practices, level of expertise and failure to interview family members). To

that end, Toys R Us proposes a number of psychological tests to be performed during the Rule 35 examination. (Def.'s Mot. Compel ¶ 17.) (*See* n. 4, *supra*.) Thus, the information that Toys R Us gained at the depositions of Walti's treating professionals provides a reasonable basis for Toys R Us's request for the Rule 35 examination it seeks.[6]

There are other significant differences between the present case and *Miksis*. It was more foreseeable in *Miksis* (a personal injury case) that an expert would testify about life-long medical expenses and that an independent examination might be necessary; it was less foreseeable in the present case that Walti's treating professionals would testify about emotional injuries without having performed any standardized psychological examinations. *See Impey,* 2010 WL 2985071 at *20 (distinguishing *Miksis* because the need for expert medical examination is less foreseeable in employment discrimination case).

Furthermore, unlike the defendant in *Miksis*, Toys R Us has diligently pursued discovery in this case. The case was filed in April 2010, and after some motion practice, Walti moved to file his Second Amended Complaint in December 2010. Toys R Us answered the Second Amended Complaint on December 20, 2010. (Answer.) [Dkt. 85.] Fact discovery was completed about three months later on March 18, 2011, which is quite speedy for an employment discrimination case. In the period allowed for fact discovery, Toys R Us took at least two depositions, served interrogatories, and served at least one subpoena. (Def.'s Mot. Compel, ¶¶ 4-6, Pl.'s Resp. at 4 n. 5.) Discovery in this case is almost concluded, less than a year after

---

[6] After the filling of the motion and response, Walti's counsel located and disclosed the results of intelligence testing performed on Walti in 1993 and 2000. (Pl.'s Mot. Protec. Order ¶ 3.) [Dkt 115.] Those tests were not performed by Walti's current treating professionals, and the most recent is ten years old.

defendants answered the Second Amended Complaint. In *Miksis*, the motion was filed less than three months before the date set for trial. *Miksis*, 106 F.3d at 758. Here, a trial date has not yet been set.

*B. The timing of Toy R Us's request is not unreasonable in light of the discovery schedule in this case.*

Pursuant to court order, the parties were not required to depose Walti's treating professionals by the close of fact discovery. (*See* Order, Jan. 25, 2011.) The rationale underlying that order is that any testimony by those professionals about their diagnosis and treatment of Walti would be expert testimony under Federal Rule of Evidence 702. Testimony about diagnosis and treatment is based on the professionals' "scientific, technical or other specialized knowledge." *See* Fed. R. Evid. 702. Thus, in order to be able to call a treating professional at trial to testify about Walti's diagnosis or treatment, Walti had to serve a formal disclosure of that professional as an expert witness under Rule 26(a)(2). *Musser v. Gentiva Health Servs., Inc.*, 356 F.3d 751, 757 n. 2 (7th. Cir. 2004) (requiring formal disclosure of treating physicians as experts pursuant to Rule 26(a)(2)(B) if they provide testimony that is based on scientific, technical, or specialized knowledge). Depending on the nature of the proposed testimony, the professional might also be required to provide a formal report pursuant to Rule 26(a)(2)(B). *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010) (a treating physician who provides an expert opinion regarding causation is required to provide an expert report pursuant to Rule 26(a)(2)(B) if that opinion was not previously determined during the course of treatment). Under the amendments to Federal Rule of Civil Procedure 26 that became effective

in December 2010 and apply to this case, even when an expert witness does not have to provide a full report under Rule 26(a)(2)(B), the party intending to call the witness to testify under Rule of Evidence 702 must serve a formal disclosure of the subject matter, opinions and facts to which the expert will testify. Fed. R. Civ. P. 26(a)(2)(C).

The deposition of a treating professional is often difficult to schedule and almost always involves payment of a fee for the professional's time. If, as here, it is likely that a treating professional will testify about the plaintiff's diagnosis and treatment, it is not unreasonable for the defendant to wait to take the professional's deposition until the plaintiff serves the formal disclosure under Rule 26(a)(2). That way, the professional's deposition, if taken, can cover everything to which the witness might testify, including any opinions stated in the Rule 26(a)(2)(B) report or the Rule 26(a)(2)(C) disclosure. Indeed, a party is not permitted to take the deposition of a witness who is submitting a Rule 26(a)(2)(B) report until after the report is served. Fed. R. Civ. P. 26(b)(4)(A). In light of this, it is foreseeable that there will be times when the decision about whether an independent examination of a party is necessary cannot be made during fact discovery. To require that a party bring any motion for a Rule 35 examination before the close of fact discovery may result in defendants seeking more examinations than necessary in order to avoid being foreclosed. Notably, the *Miksis* decision, issued in 1997, predates the Seventh Circuit's opinions in the *Musser* and *Meyers* cases and the amendment adding subsection (C) to Rule 26(a)(2).

This case presents the scenario just described. Initially, Walti's interrogatory answers stated that he had not retained an expert to testify. (Def.'s Mot. Compel, Ex. 2 at 4.)

Subsequently, Walti served Rule 26(a)(2)(B) reports from his treating professionals on the deadline date of March 31, 2011, but the reports were not complete, and defendants agreed to allow Walti until April 22, 2011 to supplement them. (Agreed Mot. ¶¶ 4-5.) It was not unreasonable for Toys R Us to wait to see those expert reports before making a decision about whether to request a Rule 35 examination. Additionally, as described above, it was at the professionals' depositions that Toys R Us's counsel confirmed that they used no peer-reviewed tests in their diagnoses of Walti. Peer-reviewed testing is a substantial part of what Toys R Us is seeking in the examination.

Certainly, a party who anticipates the need for an independent examination should seek an order under Rule 35 as soon as possible. Making arrangements for such examinations takes time and can delay the progress of the case. If the examination is opposed, as it was here, resolving the motion also takes time. In some cases, the schedule simply will not accommodate that time if the motion is brought late in the discovery process. In this case, however, the examination can be accommodated because the District Judge has not yet set a trial or dispositive motion schedule.

### III. Walti's objections do not show prejudice from the examination.

Finally, Walti will not be prejudiced if the motion is granted. The only objection Walti argued in his Response to the motion was untimeliness. At the July 28, 2011 hearing on the motion, Walti's counsel suggested for the first time that Walti would suffer prejudice from a Rule 35 examination. As a preliminary matter, objections are waived if they are not raised in a

timely manner. *MB Financial Bank, N.A. v. Walker*, 741 F. Supp. 2d 912 (N.D. Ill. 2010) (holding that plaintiff waived argument by not raising it in response brief) (citing *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010)).[7]

Even considering the objection, Walti's argument is not that he will suffer any *substantive* prejudice if this motion is granted. Rather, his counsel suggested that Walti would be harmed by the potentially intrusive nature of a psychological examination. This court is aware that Walti's complaint alleges that he has personal limitations and suffered a traumatic experience, which he may uncomfortable discussing. However, Walti has not presented facts to show that his discomfort is severe enough to warrant denying a Rule 35 examination. Courts have overruled similar objections in light of the importance of Rule 35 examinations.[8]

---

[7] Walti's counsel suggested at the hearing that the prejudice objection was preserved by a footnote in the Response. The footnote stated: "[Toys R Us] has requested an extensive mental examination of [Walti] for eight hours, over a two day period, and reserves the right to extend this examination. Mot. at ¶ 17 n. 5. [Walti] reserves the right to file a Motion for a Protective Order limiting the scope and format of the examination if this Court compels the examination." (Pl.'s Resp. at 1 n. 1.) The footnote does not mention prejudice and does not prevent the prejudice objection from being waived. At most, it preserves Walti's right to argue for limitations on the scope of the examination; that was unnecessary because the court sought input from the parties about the scope.

[8] *See Schlenker v. City of Arvada*, No. 09 CV 01189 WDM KLM, 2010 WL 2232356 at *7-8 (D. Colo. June 2, 2010) (ordering Rule 35 examination even though plaintiff specifically alleged a fear of medical professionals as part of his emotional distress claim); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 624-26 (D. Kan. 1999) (compelling Rule 35 examination and refusing request to advise examiner of need to interview plaintiff with extra sensitivity in case involving sexual harassment in the workplace where plaintiff diagnosed with post-traumatic stress disorder and major depressive order and believed psychological examination could trigger a suicidal episode); *Stoner v. N.Y.C. Ballet Co.*, No. 99 Civ. 0196 (BSJ)(MHD), 2002 WL 31875404 at *4-5 (S.D.N.Y. Dec. 24, 2002) (compelling psychological examination in case involving workplace discrimination where plaintiff objected on basis that examination would cause psychological harm); *see also Allshouse*, 2006 WL 517615 at *2 (denying protective order because litigation is sometimes unpleasant and litigants often have undergo examinations).

Moreover, Walti's counsel's understandable concern that the examination not be unduly and unnecessarily intrusive or insensitive was addressed. After the court informed the parties that the motion would be granted, the parties were ordered to confer regarding the time, place, manner, conditions, and scope of the examination, and to propose either a joint order or alternative orders to the court. (Order, July 28, 2011.) [Dkt. 114.] The parties were able to agree on some but not all specifics for the examination. Walti brought a motion for a protective order to limit the scope of the examination. [Dkt 115.] A hearing was held on August 17, 2011 to discuss the scope of the examination, and was continued to August 31, 2011 to allow the parties to file additional information. Toys R Us submitted the affidavit of the proposed examiner, Dr. Beth R. Rom-Rymer, PhD, FICCP, in which she identified the proposed testing to be conducted and the rationale for that testing. [Dkt 120.] At the court's request, Walti submitted the Rule 26(a)(2)(B) expert reports of Drs. Ferraresi and Marks. [Dkt 118.]

At the hearing on August 31, 2011, the court again heard argument from counsel regarding the scope and specifics of the examination, and made findings and rulings on the record pursuant to Rule 35(a)(2) about the time, place, manner, conditions, and scope of the examination to the extent that the parties had not agreed on those matters. The scope and specifics of the examination are set out in a separate order.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Compel Examination of Plaintiff pursuant to Federal Rule of Civil Procedure 35 [dkt. 107] is granted. The time, place, manner,

conditions, and scope of the examination are set out in a separate order.

IT IS SO ORDERED.

                                                                                      _____
                                                                                      Geraldine Soat Brown
                                                                                      United States Magistrate Judge

Date: August 31, 2011