# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 2116 | **DATE** | October 6, 2011 |
| **CASE TITLE** | *Walti v. Toys R Us* | | |

**DOCKET ENTRY TEXT**

The plaintiff's objections [126-1] to Magistrate Judge Brown's August 31, 2011, order are overruled. Walti shall appear for his examination at the offices of Dr. Rom-Rymer at a mutually convenient time within 30 days of the date this order is entered.

■ [ For further details see text below.]    Docketing to mail notices.

00:00

## STATEMENT

Although plaintiff John Walti suffers from a significant developmental delay, he obtained a job with defendant Toys R Us. Mr. Walti alleges that he was frequently teased at work because of his delay and, on one occasion, was assaulted by a coworker. He alleges that Toys R Us did not adequately address the harassment and, when he complained, fired him. He has sued Toys R Us raising various claims including disability discrimination and retaliation.

Toys R Us brought a motion before Magistrate Judge Brown under Federal Rule of Civil Procedure 35 in order to conduct peer-reviewed psychological testing of Mr. Walti. Mr. Walti objected asserting that the motion was filed after the close of fact discovery and was therefore untimely, and that the wide-ranging scope of testing that Toys R Us sought would traumatize and further victimize him.

Magistrate Judge Brown granted the motion. On the timeliness issue, she held that no bright line rule requires that Rule 35 motions be filed during fact discovery, and it was only during the depositions of Mr. Walti's treating physicians, who by agreement were deposed during the time for expert discovery, that Toys R Us learned that Mr. Walti's physicians never conducted peer-reviewed psychological testing. As for the scope of the proposed testing, she held that "Walti has not presented facts to show that his discomfort is severe enough to warrant denying a Rule 35 examination." Order dated August 31, 2011 [123-1] at 15.

Mr. Walti timely objected to the magistrate judge's order. In his objection he contends that the magistrate judge incorrectly concluded that Toys R Us' motion was timely and gave "short shrift" to the concerns of Mr. Walti's physicians about subjecting him to the psychological tests.

## ANALYSIS

# STATEMENT

## I. Standard of Review

Under Federal Rule of Civil Procedure 72(a), a district judge may set aside a magistrate judge's ruling on a non-dispositive motion if the ruling is clearly erroneous or contrary to law. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

## II. Timeliness of Request for Rule 35 Examination

First, Mr. Walti contends that the magistrate judge's ruling was clearly erroneous because the defendants' request for a Rule 35 examination was untimely. Under Federal Rule of Civil Procedure 35, a party can request an order compelling another party to submit to a physical or mental examination. To obtain such an order, the moving party must show that: (1) the party's mental or physical condition is in controversy, and (2) there is good cause for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 116 (1964).

Rule 35 does not set out a deadline to request a medical examination other than to state that the action must be "pending." However, Mr. Walti argues that under *Miksis v. Howard*, 106 F.3d 754 (7th Cir. 1997), the request must come before the end of fact discovery, even if expert discovery is still ongoing. In *Miksis*, the defendant filed a motion for a Rule 35 medical examination of the plaintiff, who sustained severe injuries, including brain damage and loss of control of both legs, during a traffic accident. *Id.* at 756. The request came after fact discovery had closed but just shortly after the defendants had received the plaintiff's expert disclosures, in which the expert concluded that the plaintiff would need a multi-million dollar life plan. *Id.* at 758.

The defendants in *Miksis* argued that they had no occasion to request a Rule 35 examination during fact discovery because they were "sandbagged" by the expert's conclusion about the need for a life plan. *Id.* However, the district court disagreed and denied the request as untimely. *Id.* The Seventh Circuit affirmed the district court, concluding that the "need for a 'life plan'—in other words, a prediction of high medical costs for the remainder of plaintiff's life—was clearly foreseeable from the nature of plaintiffs injuries." *Id.* The court held that the defendants should have known of their need for a medical examination from day one. *Id.*

Mr. Walti contends that the defendants here, like the defendants in *Miksis,* were aware of his developmental delay from day one. Therefore, Mr. Walti asserts, the defendants should have realized the need for psychological testing long before the plaintiffs' treating physicians testified at their depositions that they had not conducted their own psychological testing. The court disagrees. In *Miksis*, the court held that the defendants' reason for their post-fact discovery Rule 35 request—the purported revelation that the plaintiff faced high medical costs for the rest of his life—was no revelation at all but, rather, was "clearly foreseeable" from day one. *Id.* In contrast, the revelation here—that Mr. Walti's doctors had arrived at conclusions about his mental health without conducting peer-reviewed psychological testing—was not "clearly foreseeable" from day one. To the contrary, according to the expert psychologist hired by defendant Toys R Us, psychological testing is a prerequisite to opining on a patient's psychological functioning, and reaching "conclusions about Mr. Walti's psychological functioning" without such testing is "erroneous." Affidavit of Beth N. Rom-Rymer, Ph.D. (attached as Exhibit 5 to Objections [126-1]) ¶ 23. Furthermore, because the parties agreed not to depose the plaintiff's doctors during fact discovery, the defendants could not have

known before fact discovery closed that the doctors had not conducted peer-reviewed psychological testing.

Mr. Walti has not established that his doctors' lack of psychological testing was "clearly foreseeable" before the close of fact discovery. He has therefore failed to show any clear error in the magistrate judge's conclusion that the defendants' Rule 35 motions was not untimely because it "was more foreseeable in *Miksis* (a personal injury case) that an expert would testify about life-long medical expenses . . . [than] that Walti's treating professionals would testify about emotional injuries without having performed any standardized psychological examinations." Order dated August 31, 2011 [123-1] at 11.

## II.     Scope of Rule 35 Examination

Next, Mr. Walti objects to the magistrate judge's ruling on the basis that the scope of the Rule 35 examination she ordered is overbroad. Specifically, Mr. Walti contends that the magistrate judge erred in ordering up to 12 hours of psychological testing by giving "short shrift" to his treating doctor's opinion that testing would "put him at increased risk for re-emergence of anxiety symptoms." Objection [126-1] at 7. He also contends that the magistrate judge erred by ordering IQ testing "despite the fact that he has supplied defendant with two sets of intelligence testing" from when he was in high school and again when he sought assistance from a vocational rehabilitation agency. *Id.* at 8.

To begin, the magistrate judge noted that in Mr. Walti's response to the defendant's Rule 35 motion, he objected only to the timeliness of the motion, not the scope of the examination. The magistrate judge therefore considered the argument forfeited. *See* Order dated August 31, 2011 [123-1] at 14-15 (citing *MB Financial Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 914-15 (N.D. Ill. 2010) for the position that arguments not raised in a response brief are forfeited).

However, even considering the merits of Mr. Walti's argument, he has failed to identify clear error by the magistrate judge. For instance, the magistrate judge did not give "short shrift" to the concerns expressed by Mr. Walti's doctors. To the contrary, the magistrate judge acknowledged the "understandable concern that the examination not be unduly and unnecessarily intrusive or insensitive." Order dated August 31, 2011 [123-1] at 16. Based on those concerns, she directed the parties to confer on the scope of the examination, held a hearing on the issue, and allowed the parties to file additional briefs following the hearing. She also reviewed the expert reports of Mr. Walti's doctors, and took into account the affidavit of Toys R Us' expert, Dr. Rom-Rymer, who identified the peer-reviewed psychological tests she proposed performing, and detailed why each test was necessary in order to evaluate the bases for the opinions of Mr. Walti's doctors.

As for Mr. Walti's argument that additional intellectual assessment testing is unnecessary because he has provided to the defendants the results of earlier intellectual assessments, Dr. Rom-Rymer noted that the most recent of the prior tests occurred in 2000. According to Dr. Rom-Rymer, Mr. Walti's doctors' opinions on the treatments he required were based upon assumptions about his intellectual functioning, but his intellectual functioning may have changed since 2000. The magistrate judge was therefore entitled to credit Dr. Rom-Rymer's statements that new intellectual testing was necessary in order to evaluate the bases for the opinions of Mr. Walti's doctors. *See Walton v. North Carolina Dep't of Agric. & Consumer Servs.*, No. 09 CV 302, 2011 WL 883579, at *4 (E.D.N.C. Mar. 11, 2011) (granting motion for Rule 35 examination in order "to test and measure the accuracy, reliability, and scientific and methodological soundness of the diagnoses and other opinions expressed by the plaintiff's experts in this case, as expressed in their deposition testimony previously given").

| STATEMENT |
|---|

**CONCLUSION**

For the reasons stated, Mr. Walti has not shown that the magistrate judge's August 31, 2011, order was clearly erroneous or contrary to law. Accordingly, his objection to the order is overruled. Mr. Walti shall appear for his examination at the offices of Dr. Rom-Rymer at a mutually convenient time within 30 days of the date this order is entered.

rs/cpb